September 12, 1977

## 77–49 MEMORANDUM OPINION FOR THE UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA

### Proposed District of Columbia Uniform Controlled Substances Act

This is in response to your request for our opinion whether, under District of Columbia (D.C.) Code § 1–147(a)(3), the District of Columbia Council has the authority to enact § 503 of the subject bill. D.C. bill 2–53 provides for forfeiture of narcotics and other property to the District. It is suggested that § 503 would conflict with the right of the United States under 21 U.S.C. § 881 to property forfeited on controlled-substances grounds. After careful consideration of the question, we believe that D.C. Code § 1–147(a)(3) denies to the Council that authority.

Section 602(a)(3) of the District of Columbia Self-Government and Reorganization Act, 87 Stat. 754, D.C. Code § 1–147(a)(3), restricts the legislative authority of the District of Columbia Council as follows:

> (a) The Council shall have not authority to pass any act contrary to the provisions of this Act except as specifically provided in this Act, or to—

> \*     \*     \*     \*     \*     \*     \*

> (3) enact any act, or enact any act to amend or repeal any Act of Congress, which concerns the functions or property of the United States or which is not restricted in its application exclusively in or to the District.

Under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 881(a), all controlled substances manufactured, dispensed, distributed, or acquired in violation of the Act, all raw materials and equipment used in manufacturing these substances, all containers for the substances, certain conveyances used to transport controlled substances, raw materials, or equipment, and all books and records used in violation of the Act are subject to forfeiture to the

Attorney General. The procedure followed is the same as for the customs laws: notice, suit for condemnation by the United States on showing of probable cause, and judicial hearing with the burden of proof on the claimant. 21 U.S.C. § 881(d); *see* 19 U.S.C. §§ 1595-1615. The Attorney General may retain such forfeited property for official use, transfer it to the General Services Administration, or forward it to the Drug Enforcement Administration for medical or scientific use. 21 U.S.C. § 881(e).

Under a District of Columbia law enacted in 1956, all unlawfully possessed narcotics and dangerous drugs seized by the District are forfeited to the Secretary of the Treasury pursuant to § 4733 of the Internal Revenue Code of 1954. D.C. Code §§ 33–417, 33–711; *see* 26 U.S.C. § 4733 (1964 ed.). The forfeiture now runs to the Attorney General. Reorganization Plan No. 1 of 1968, § 1, 82 Stat. 1367, 21 U.S.C. § 881. The District of Columbia Code does not currently provide for forfeiture of raw materials, equipment containers, conveyances, and books and records connected with the violation of the controlled substances laws. Thus, under the law in force in the District when the Self-Government and Reorganization Act took effect in 1973, all of the items enumerated in 21 U.S.C. § 881(a) became property of the United States even though seized by District officers.

Section 503(a) of the bill would subject to forfeiture to the District exactly the same types of property covered by 21 U.S.C. § 881(a), if used in violation of the District of Columbia Controlled Substances Act. Moreover, the bill's penal provisions cover the same conduct as the Federal statute. As a result, the bill would give the District a competing claim to property in which the United States now possesses the sole right of forfeiture.

Therefore, it is our opinion that § 503 "concerns the functions or property of the United States," a matter subject to the prohibition in D.C. Code § 1–147(a)(3).

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*